# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor by and through her Guardian Ad Litem MELISSA SHAFER; and VINCENT AVILA, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF FONTANA; OFFICER SHAWN MICHELS; KRISTIN CASAREZ, a nominal defendant; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO: 5:16-CV-02498-JGB (SPx) <br><br> ASSIGNED FOR ALL PURPOSES TO: <br> Honorable District Judge Jesus G. Bernal <br> Magistrate Judge Sheri Pym <br><br> PROTECTIVE ORDER <br> [NOTE CHANES MADE BY THE COURT TO NUMBERED ¶ 3] |

_

THIS COURT, HONORABLE JESUS G. BERNAL PRESIDING, having reviewed the concurrently attached Joint Stipulation for a Protective Order signed by the attorneys for all parties, hereby orders the following:

All documents produced by the parties in this litigation, including all law enforcement and/or sheriff's records and reports, recordings, investigation reports, and

1

photos from the San Bernardino Sherriff's Department, the San Bernardino Coroner, and the San Diego Medical Examiner's Office, produced in discovery by defendants and relating to the subject incident on March 16, 2016, as well as any other materials, documents, reports or records, relating to the subject incident on March 16, 2016 including materials or records that would be later produced by defendants subject to a court order not limited to the investigation, personnel, employment, records of defendant Michels or prior claims and citizen complaints, shall only be used in connection with this litigation which bears the following Case No: 5:16-CV-02498-JGB (SPx).

Further, it is hereby ORDERED that after the completion of the litigation, all copies of the documents stated above, and produced in this litigation, shall be immediately returned to Rinos and Martin, LLP within 10 days thereafter.

Upon dismissal of this above captioned case, all copies of records, if not returned, shall be immediately destroyed and counsel for Rinos & Martin shall be informed of the specific records that have been destroyed.

Further, as stipulated to, by and between the above referenced, parties, it is hereby ORDERED that:

1. All law enforcement and/or sheriff's documents, records and reports, recordings, photos, and policies produced in discovery by defendants relating to the investigation of the subject incident on March 16, 2016, as well as any other documents, reports or photos, recordings, including any records that would be later produced subject to a court order, not limited to personnel and employment records or prior claims and citizen complaints, of defendant Michels, and/or in response to plaintiffs' discovery, and any personal information contained in such records. This Order shall not impose any restrictions on the use of or disclosure of the aforementioned documents, records, reports, recordings, photos, policies, personnel or employment records, and prior claims obtained by Plaintiffs independent of discovery in this action, whether or not such

material is also obtained through discovery in this action, and any personal information contained in such records may only be disclosed to the following persons:

    a. Counsel for any party and any party to this litigation;

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

    c. Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental for preparation of trial.

    d. Any outside expert, consultant, or individual retained in connection with this action, and not otherwise employed by either party.

    2. Nothing pursuant to this protective order, as stipulated by both parties, is intended to prevent officials or employees of the City of Fontana or other authorized governmental officials from having access to any documents if they would have had access to said documents in the normal course of their job duties. Further, nothing in this protective order in intended to prevent a witness from disclosing events or activities personal to him or her.

    3. Each person, apart from court personnel, to whom disclosure of any records, as stated above, is made shall, prior to the time of disclosure, be provided by the person furnishing him/her with such material a copy of this order, and shall agree on the record or in writing that he/she has read the protective order, and that he/she understands the provisions of the protective order. Such person also must consent to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of this agreement until final termination of this litigation.

    4. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to

PROTECTIVE ORDER RE DOCUMENTS PRODUCED BY DEFENDANTS DURING DISCOVERY

the time of trial, said information and/or documents shall be lodged under seal pursuant to Local Rule 79-5 and in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER."

5. Defendants may withdraw the designation of material as "Confidential" or remove the protected material from some or all of the protections and provisions of this Stipulation and its associated Order by agreement among the parties, or pursuant to an Order of the Court. Defendants shall be construed to have withdrawn a "Confidential" designation made to any protected material from all of the provisions/protections of this Stipulation and Order by either (1) making such protected material part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing to timely oppose a Challenging Party's motion to remove a "Confidential" designation to specific protected material.

**IT IS SO ORDERED:**

DATED: March 30, 2018  _____

Hon. Sheri Pym
United States Magistrate Judge